W. A. JOHNSON, Defendant in Error, *v.* JOSEPH ARMDALL, Plaintiff in Error.

*Practice.*—The Supreme Court will not reverse a judgment for an error which did not injure the plaintiff in error, nor materially affect the merits of the action. (R. C. 1855, p. 1300, § 34.)

*Error to Phelps Circuit Court.*

*H. C. Ewing* and *White*, for plaintiff in error.

*Ryland & Son*, for defendant in error.

DRYDEN, Judge, delivered the opinion of the court.

This was an action of ejectment to recover eighty acres of land in Maries county. There was a trial by jury, and a verdict and judgment for the plaintiff in the court below. The defendant has brought the case here by writ of error.

The bill of exceptions is so confused and obscure, as to render it impossible to determine, with reasonable certainty, what was the evidence or what were the questions arising on the trial. The plaintiff in error has made two points on the record for the reversal of the judgment, which we will consider in the order in which they are made; the first of which is, that the verdict is incomplete, in that it did not find the damages for the respondent. The verdict was in the following form: " We, the jury, find the issue for the plaintiff, and find that the plaintiff is entitled to the land in controversy, and assess his damages at ————."

Aside from the consideration that there is nothing in the record showing that the objection now taken was made in the court below (of itself a sufficient reason why we could not interfere), the fault complained of is one that could not possibly injure the plaintiff in error, and is therefore not a ground of reversal. (R. C. 1855, p. 1300, § 34.)

The second point made by the plaintiff in error is, as we understand it, that the respondent was not entitled to recover, because he had no title to the land in controversy at the time of the ouster laid in the petition. The point is supposed to be based upon the fact that in the record there is found a sheriff's deed to the respondent for the land in controversy, made after the time of the ouster laid in the petition; but there is nothing in the record to show with any certainty as to whether this deed was read, and if read, whether there was any objection made to the reading of it;

nor is there anything in the record to show that the respondent may not have relied upon other evidence of title besides the deed in question.

Whether the respondent had title, was not a question for the court, but for the jury, to be determined by the evidence under the direction of the court; and they having passed upon the question, and no exception to the action of the court bearing upon the point having been taken, so far as appears, the verdict of the jury is conclusive. We find no error in the record; let the judgment be affirmed. The other judges concur.